KIRSCH FABRIC CORP., A CORPORATION, APPELLEE, V. BROOKSTEIN ENTERPRISES, INC., A CORPORATION, DOING BUSINESS AS UPHOLSTERY UNLIMITED, APPELLANT.

309 N.W.2d 328

Filed August 14, 1981. No. 43331.

Irving B. Epstein of Viren, Epstein, Leahy & Coren and Miller & Rowen for appellant.

Thomas E. Johnson and Jonathan R. Breuning of Baird, Holm, McEachen, Pedersen, Hamann & Haggart for appellee.

Heard before BOSLAUGH, McCOWN, CLINTON, and BRODKEY, JJ., and MARTIN, District Judge.

MARTIN, District Judge.

This is an appeal from a decree of the District Court of Douglas County, Nebraska, enjoining the defendant-appellant from specific advertising practices, i.e., using plaintiff-appellee's name and sample books in appellant's radio and television ads.

The facts are as follows. Appellee Kirsch is in the business of selling upholstery fabrics wholesale. Appellant Brookstein Enterprises is in the business of selling upholstery fabrics retail. Both Kirsch and Brookstein sell a striped velvet upholstery fabric manufactured by Baxter, Kelly & Faust, Inc., referred to as "Miami" pattern. Appellant, in February 1978, engaged in radio and television advertising campaigns making comparisons between the appellee's and appellant's goods. The ad objected to is as follows: "This book of Kirsch upholstery samples is used by a number of our competitors. You order from it and wait. Upholstery Unlimited carries a number of similar fabrics on hand. This striped velvet from the book has a suggested retail of $18.60. Our everyday low price is only $6.99 on a similar fabric. On the average chair that's a savings of $70, and on the average sofa that's a savings of $150. Compare for yourself our large on-hand selection at Upholstery Unlimited in the Woolco Center on South 84th Street."

The issues involved here are: (1) Was appellant's advertising misleading, deceptive, or untrue? (2) Does appellant have to "palm off" its goods as the same as another to fall within the purview of the Nebraska Uniform Deceptive Trade Practices Act? (3) Was the injunction too broad?

The contention that those ordering upholstery material from Kirsch had to wait for delivery, the purported savings on upholstering chairs and sofas if material was purchased from appellant, and the use of Kirsch's sample book for comparisons was determined by the district judge to be either misleading or deceptive, and from our review of the evidence de novo, we agree.

Perhaps the main point of contention concerned the following: "Upholstery Unlimited carries a number of similar fabrics on hand. This striped velvet from the book has a suggested retail of $18.60. Our everyday low price is only $6.99 on a similar fabric."

Both Kirsch and Brookstein purchased the "Miami" pattern from the same supplier. Testimony at the trial indicated that in the manufacture of upholstery fabrics "first quality" is fabric with less than seven defects per 35 yards or one per 5 yards, not to exceed seven. Testimony of an employee of the manufacturer supplying both appellee and appellant was to the effect that appellee Kirsch only bought first quality goods, while appellant Brookstein purchased seconds.

Appellant contends that by judicious cutting, etc., second quality goods could be made "similar" to appellee's first quality goods.

The dispute revolves around the definition of "similar." Appellant argues its "Miami" pattern is nearly corresponding or resembles appellee's "Miami" pattern in many respects, even though originally it was second quality goods; that this is not deceptive since it is not "palming off" goods as identical.

Is the word "similar" used in its ordinary sense or is it used in its more restrictive sense, as the appellee contends, so that the consumer is misled and believes he is buying "identical" material at a cheaper price? That is, is appellant "palming off" its goods as being the same as another's?

We believe that the purchaser of upholstery goods would not be deceived regarding the term "similar" as used in this ad; that there is no likelihood of confusion here. The ordinary consumer would know that he is buying something almost the same but not identical when using the ordinary meaning of the word "similar." The price differential is such that no prudent individual would believe he was getting the same goods.

However, if we view the advertising package as a whole, taking into account the misrepresentation as to

having to wait for material ordered, the unauthorized use of Kirsch's sample book, and unsubstantiated comparison as to savings per unit upholstered, there was deception under the common law of unfair competition and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. §§ 87-301 et seq. (Reissue 1976).

The lower court, therefore, rightly enjoined appellant from the dissemination of false and misleading advertising, except it went too far in specifically enjoining appellant from ever disseminating advertising which utilized appellee Kirsch's name or trade name. In effect, the court enjoined the appellant from prospective acts for which injunction is unfounded and which would be a deprivation of due process.

Judgment of the trial court is reversed with respect to the order enjoining appellant from ever using appellee's name in its advertising. In all other respects it is affirmed.

AFFIRMED IN PART, AND IN PART REVERSED.

McCOWN, J., concurs in result.